**DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR 05-107-015**

**JORGE L. COLLAZO**

## MOTION TO SUPPRESS

Now comes the defendant in the above entitled cause and moves to suppress any and all items alleged to have been seized from a 1995 Ford Windstar on October 4th, 2005.

Respectfully submitted,
Jorge L. Collazo
By his attorney

John F. Cicilline, Esq. (#0433)
387 Atwells Avenue
Providence, RI 02909
(401) 273-5600
FAX (401) 454-5600

## CERTIFICATION

I, the undersigned, hereby certify that I caused a true copy of the within to be delivered this the 7th day of November, 2005 to the United States Attorneys Office, 50 Kennedy Plaza, 8th Floor, Providence ,RI 02903, **Attn: AUSA Adi Goldstein**.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR No. 05-107-015**

**JORGE L. COLLAZO**

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

A law enforcement officer can conduct an investigatory stop only when he has a reasonable suspicion, based on specific and articulable facts, that the person detained is engaged in criminal activity. Delaware v. Prouse, 440 US 648 (1979). A reasonable suspicion like probable cause, is not an abstract principle to be considered in a vacuum; it involves a pragmatic analysis from the vantage point of a reasonable law enforcement officer in light of the facts known to him at the time of the detention. See, United States v. Hall, 525 F.2d 857 (C.A.D.C. 1976). Any number of factors may contribute to a finding of reasonable suspicion of criminal activity; and factors that alone do not create reasonable suspicion may, when combined, warrant a reasonable suspicion of criminal activity. See, Ringel, Searches and Seizures, Arrests and Confessions; United States v. Cortez, 449 US 411 (1981); United States v. Trullo, 809 F.2d 108 (1st Cir. 1987). The standard, however, is an objective one, and a mere hunch or gut feeling that there is something suspicious is insufficient to satisfy the requirement of specific and articulable facts. The officer may make a threshold inquiry only where suspicious conduct gives him reasonable ground to suspect that a person has committed, is committing, or is about to

commit a crime. United States v. Romain, 393 F3d 63 (1st Cir 2004); United States v. Young, 105 F3d 1 (1st Cir. 1997)

Once the reasonable suspicion standard is satisfied, the officer's authority is limited to the "threshold inquiry" referred to in Delaware v. Prouse, supra. That inquiry allows the officer to make a brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. See also, Adams v. Williams, 407 US 143 (1972) United States v. Fox 393 F3d 52 (1st Cir 2004); United States v. Chherien 266 F3d 1 (1st Cir. 2001)

In Pennsylvania v. Mimms, 434 US 106 (1977) the Supreme Court noted that once a motor vehicle has been lawfully detained, the police officers may order the occupants to get out of the vehicle without violating the Fourth Amendment's proscription against unreasonable searches and seizures. But the officers are not permitted to undertake searches in the absence of specific and articulable facts warranting the belief that the car's occupants are either armed or dangerous or involved in the commission of a crime.

The officers lacked probable cause to undertake the search which they conducted and exceeded the permissible bounds of a detention based on reasonable suspicion.

Respectfully submitted
Jorge L. Collazo
By his attorney,

John F. Cicilline Esq. (#0433)
387 Atwells Ave.
Providence, RI 02909
(401) 273-5600
FAX 454-5600

**CERTIFICATION**

I, the undersigned hereby certify that I caused a true copy of the within to be delivered this the 7th, November 2005, to the United States Attorneys Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, Attn: **AUSA Adi Goldstein.**