**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-107-01S** |
| | : | |
| **JORGE L. COLLAZO** | : | |

## GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Adi Goldstein, Assistant U.S. Attorney, and objects to Defendant's motion to suppress the evidence for the reasons set forth in the attached memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2005, I caused to be sent a true copy of the within Government's Objection to Defendant's Motion to Suppress to:

John F. Cicillini, Esq.
387 Atwells Avenue
Providence, RI 02909

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-107-01S |
| | : | |
| JORGE L. COLLAZO | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS**

## INTRODUCTION

The defendant contends that the Court should suppress all evidence obtained as result of the defendant's arrest on the grounds that law enforcement officers seized both the defendant and evidence in violation of the Fourth Amendment of the United States Constitution. The defendant's arguments are without merit.

## I. Statement of Facts

During the months of September and October, detectives Henry Remolina and William Dwyer of the Narcotics and Organized Crime Bureau (NOC) of the Providence Police Department received information from a previously reliable confidential informant (CI) that an individual known to the CI as Angel or Bambi ("Angel") stores cocaine at his apartment, 350-352 Potters Avenue in Providence, Rhode Island. The CI also told detectives that Angel works as a mechanic at the Felix and Manolo Mechanic shop on Anthony's street in Providence. Detectives conducted surveillance and confirmed Angel's presence at both locations.

On October 4, 2005, detectives spoke with the CI who stated that between 5 and 6 p.m., a

beige colored minivan with Massachusetts registration number beginning with 74P, would be going to the Felix and Manolo's garage to pick up Angel. The CI further informed the detectives that the van would be operated by a dark-skinned, heavy-set, Hispanic male who goes by the name "Jorge." Detectives set up surveillance in the vicinity of the garage. At approximately 5:45 p.m., detectives observed a 1995 Ford Winstar, Massachusetts registration 74PZ44, beige in color, operated by a dark-skinned, heavy-set Hispanic male arrive at the garage. Detectives then observed Angel enter the front passenger seat. Detectives followed the minivan to 350-352 Potters Avenue. Detectives observed Angel exit the vehicle and walk to the rear of 350-352 Potters Avenue. Angel was not carrying anything at the time. Detectives again spoke with the CI. The CI stated that Angel would be leaving his residence in the minivan, and that he would be transporting several kilograms of cocaine from his residence to the Cranston Street area. Several minutes later, detectives Remolina and Dwyer observed Angel walk down the driveway of 350-352 Potters Ave. carrying a white plastic shopping bag. The minivan then departed Potters Avenue in the direction of Elmwood Avenue.

A few moments later, detectives of the NOC bureau and a marked patrol car stopped the vehicle on the corner of Potters Avenue and Melrose Street. Detectives Dwyer and Remolina approached the minivan from the passenger side. They were wearing PPD raid jackets and identified themselves as police. They asked the driver to place the vehicle in park and asked both the driver and passenger to show their hands. They did not order the occupants out of the vehicle. Detective Dwyer observed the white bag carried by Angel through the window of the minivan. The bag, which was open, was placed on the floor between the front driver and passenger seats and the first passenger row of the minivan. After observing the bag, detective Dwyer opened the

door of the minivan and immediately observed that the white bag contained several packages wrapped in green tape that, based on Detective Dwyer's experience, appeared to him to contain kilogram quantities of cocaine.

Thereafter, the detectives asked the driver and the passenger to exit the vehicle. They asked for their identification and conducted a pat-down search for weapons. Defendant produced identification with the name "Jorge Collazo." Following that, the defendants were placed under arrest.

## II. Legal Analysis

The defendant argues that the initial stop of his motor vehicle and his subsequent detention by the police was unlawful. The defendant is simply wrong since the officers' actions constituted a valid stop and detention based upon the existence of probable cause, or at least reasonable suspicion, to believe that the defendant possessed contraband at that time.

### A. The Police Had Probable Cause to Believe that the Dendant Possessed Contraband at the Time of the Motor Vehicle Stop.

Probable cause for a warrantless arrest exists if the collective knowledge of the officers involved was sufficient to lead a prudent person to believe that the defendant was committing or had committed an offense. United States v. Link, 238 F.3d 106, 109 (1st Cir. 2001). Probability, not proof beyond a reasonable doubt, is the touchstone of the probable cause determination. United States v. Aguirre, 839 F.2d 854, 857 (1st Cir. 1988). The focus is on the likelihood, not certitude, of criminal activity. Acosta v. Ames Department Stores, Inc., 386 F.3d 5, 9 (1st Cir. 2004). Thus, the officer's conclusion need not be ironclad, nor even highly probable. United States v. Winchenbach, 197 F.3d 548, 555-56 (1st Cir. 1999). Rather, the arrest is justified if the

circumstances known at the time support the officer's reasonable belief that the action taken was appropriate. Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997).

Where, as here, the probable cause determination relied upon informant information, the Court must conduct a totality of the circumstances analysis when determining if that information establishes probable cause to arrest. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Two factors to be considered in making that determination are the informant's past performance and the officer's attempts to corroborate the information provided. United States v. Khounsavanh, 113 F.3d 279, 284-87 (1st Cir. 1997). With regard to the second of those factors, the arresting officer must attempt to corroborate that information under the totality of the circumstances. United States v. Capozzi, 347 F.3d 327, 333 (1st Cir. 2003), cert. denied, 124 S.Ct. 1187 (2004). That corroboration, however, must be sufficient to only reduce, not wholly eliminate, the probability that the informer is either lying or inaccurate. Khounsavanh, 113 F.3d at 284.

Here, the police received information from an informant who had previously provided them with reliable information that had led to previous arrests. The police corroboration of the informant information relating to the defendant's drug distribution activity began with the fact that the detectives observed a vehicle matching the description provided by the CI arrive at a location during the timeframe predicted by the CI. The vehicle was operated by a person matching the description provided by the CI. Further, events progressed as the CI had predicted: the defendant picked up Angel and drove to Angel's house. At that time, the CI again told detectives that Angel would be leaving his residence in possession of several kilos of cocaine. The detectives observed Angel leaving his residence carrying a shopping van, enter the van, and the depart from the area.

The minivan headed towards the Cranston street area, as predicted by the CI. Up to this point, all the information provided by the CI was accurate.

By the time of the stop of the defendant's vehicle and his subsequent detention, the police had verified almost every facet of the information provided to them by the independent source. Admittedly, the detectives could not confirm the presence of the narcotics inside the minivan, but the verification of the other facts provided the detectives with reasonable grounds to believe that the defendant was in fact transporting controlled substances in his vehicle at the time. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, ___ (1959).

**B. Even if the Court Finds That the Police did not Have Probable Cause to Stop the Defendant's Vehicle, the Stop was Supported by Reasonable Suspicion.**

Pursuant to Terry v. Ohio, "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." United States v. Trueber, 238 F.3d 79, 91 (1st Cir. 2001) (quoting Terry, 398 U.S. 1, 22 (1968) (internal quotations and citations omitted)). The officer may "stop and briefly detain the person for investigative purposes, and diligently pursue a means of investigation likely to confirm or dispel [his] suspicions quickly." Id. These "investigatory powers include stopping motor vehicles upon reasonable suspicion." United States v. Taylor, 162 F.3d 12, 18 (1st Cir. 1998) (citing Michigan v. Long, 463 U.S. 1032, 1049 (1983)). The validity of such Terry stops is governed by a two prong test: "whether the officer's actions were justified at their inception, and, if so, whether the actions taken by the officers following the stop were reasonably responsive to the circumstances justifying the stop in the first

place as augmented by information gleaned by the officers during the stop." Taylor, 162 F.3d at 18; United States v. Jackson, 918 F.2d 236, 238-39 (1st Cir. 1990).

To satisfy the test's first prong, "'the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" Taylor, 162 F.3d at 17 (quoting United States v. Kimball, 25 F.3d 1, 6 (1st Cir. 1994)) (quoting Terry, 392 U.S. at 21). Put another way, "[w]arrantless investigatory stops are allowable if, and to the extent that, police officers have a reasonable suspicion of wrongdoing - a suspicion that finds expression in specific, articulable reasons for believing that a person may be connected to the commission of a particular crime." United States v. Lee, 317 F.3d 26, 31 (1st Cir.) (citing Terry, 392 U.S. at 21), cert. denied, 538 U.S. 1048 (2003).

The reasonable suspicion required for a Terry stop may be based on information received from an informant known to the police as well as from an informant whose identity is unknown. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Taylor, 162 F.3d at 18. When a credible informant warns of a specific pending crime, the police should be able to respond appropriately, i.e., to conduct a brief investigatory stop and detention of the suspect. Adams v. Williams, 407 U.S. 143, 147-148, 92 S.Ct. 1921, 1923-1924, 32 L.Ed.2d 612, ___ (1972). Therefore, the test becomes whether a prudent law enforcement officer would reasonably conclude based upon the informant's information, as well as any available corroboration, that the likelihood existed that the suspect was probably engaged in criminal activity. United States v. Diallo, 29 F.3d 23, 26 (1st Cir. 1994) (quoting United States v. Chapdelaine, 616 F.Supp. 522, 526 (D.R.I. 1985)).

As noted above, the second prong of the Terry test requires a showing that "'the action taken [by police] was reasonably related in scope to the circumstances which justified the interference in the first place.'" Taylor, 162 F.3d at 20 (quoting Terry, 392 U.S. at 20). Whether this standard is met "requires a fact specific inquiry into whether the measures used were reasonable in light of the circumstances that prompted the stop or that developed during its course." United States v. Acosta-Colon, 157 F.3d 9, 15 (1st Cir. 1998).

Here, the initial police action was limited in scope and duration, making it reasonable under the circumstances. The officers did not even order the defendant out of the vehicle. They simply asked him to place the vehicle in park and show his hands. The officers immediately observed the white bag that was brought into the van. Within seconds, they determined that the bag, which was open, contained packages of what appeared to be kilogram quantities of cocaine. Neither the defendant nor the passenger were under any restraints at the time. The officers confirmed their suspicion within a matter of minutes. See, e.g., Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (ordering driver out of vehicle permissible during Terry stop); Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); United States v. Zapata, 18 F.3d 971, 975-76 (1st Cir. 1994) (presence of multiple officers with their service weapons drawn does not transform that investigatory stop and removal of the defendant from the vehicle into an arrest).

In this case, the defendant was not ordered out of the vehicle or placed in handcuffs until after the officers determined that the material in the white bag was likely to be cocaine. At that time, they had probable cause to arrest the defendant and co-defendant Angel Huertas.

**C. The Contraband Inside the Vehicle was in Plain View, and in any event, a Search of the Vehicle was Lawful under the Automobile Exception.**

The same corroborated informant information that provided the police with the probable cause to stop the defendant, also justified the warrantless search of his vehicle immediately following that stop. Once the police had probable cause to believe that the defendant's vehicle contained contraband, the officers were free to search it without first obtaining a warrant. United States v. Lopez, 380 F.3d 538, 543 (1st Cir. 2004), petition for cert. filed, ___ WL ___ (Nov. 17, 2004) (No. 04-7325). Furthermore, the permissible scope of that search included not only the vehicle itself, but also any containers found within. California v. Acevedo, 500 U.S. 565, 579-80, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619, ___ (1991). Therefore, the search of the bag found inside the vehicle and the seizure of its contents were justified by the so called "automobile exception" to the warrant requirement.

In this case, the Court need not even reach the question of whether a search occurred because Detective Dwyer immediately recognized the contents of the bag, which was in plain view, to be consistent with kilogram packages of cocaine. "The 'plain view' doctrine allows the police to seize evidence without a warrant so long as (1) the evidence is in "plain view," (2) the police are legitimately on the premises where the evidence is seized, and (3) the evidence is immediately and apparently connected to the criminal activity." United States v. Lewis, 40 F.3d at 1334 (citing Coolidge v. New Hampshire, 40 U.S. 464-73 (1971)). Detective Dwyer is an experienced narcotics detective. He was outside the minivan when he observed the white bag and its contents. Based on his training and experience, he recognized the contents of the bag to be narcotics given the size and distinctive packaging of each kilogram block of cocaine.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Suppress Evidence.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2005, I caused to be sent a true copy of the within Government's Memorandum in Support of Its Objection to Defendant's Motion to Suppress to:

John F. Cicillini, Esq.
387 Atwells Avenue
Providence, RI 02909

K Anderson