IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-107-01S |
| | ) | |
| GUILLERMO GUZMAN ROMERO, | ) | |
| alias Jorge Collazo | ) | |

**GOVERNMENT'S SECOND MEMORANDUM IN AID OF SENTENCING**

Pursuant to the Court's request, the government is filing a supplemental memorandum concerning defendant's eligibility for the safety valve provisions of U.S.S.G. § 5C1.2. A sentencing hearing was held on August 11, 2006. At the hearing, the government and the defendant presented evidence regarding defendant's eligibility for the safety valve. The Court held that the defendant has not met the fifth prong of the safety valve provision and denied defendant's objection to the PSR. Nevertheless, prior to entering judgment, the Court asked the government to afford the defendant an additional opportunity to make a full disclosure. The government agreed. Although the government still harbors some doubts as to defendant's candor, for the reasons stated below, it will not object to the application of the safety valve provision in this case.

Representatives of the government met with the defendant following his sentencing hearing. Defendant admitted that portions of his initial proffer were not true. Defendant stated that on the date of the offense, it was the co-defendant who initially contacted the defendant to arrange their meeting at the Felix and Manolo garage, purportedly for the purpose of fixing defendant's muffler. Defendant stated that Huertas told the Defendant where and when to meet

Huertas. Defendant further stated that upon arriving at the Felix and Manolo garage, Huertas asked the defendant for a ride to Huertas's home, and told the defendant that they would be picking up some cocaine. Defendant admitted (in contrast to what he testified to in Court) that he knew that he was going to pick up drugs with Huertas prior to leaving the garage. Defendant, however, continued to deny any contact or communications with Huertas prior to the date of arrest.

The government believes that the defendant, while more forthcoming at this proffer, was still not completely candid about the extent of his relationship with the co-defendant. Specifically, it simply makes no sense that Huertas, who lives and works in Providence, would rely on an individual he barely knows from Fall River to transport four kilograms of cocaine. Defendant asks the government and the Court to believe that it's sheer coincidence that he decided to fix his muffler just as his friend, Huertas, was arranging the delivery of a large quantity of cocaine. However, the government has no extrinsic evidence to contradict defendant's version, as the investigation did not yield any direct evidence of defendant's involvement prior to the date of arrest. Thus, in light of the fact that the defendant pleaded guilty, accepted responsibility for his acts, has been granted a minimal role in the offense, and will likely be deported at the conclusion of his term of incarceration, the government is willing to take the position that defendant's lack of candor does not concern material aspects of the offense. Accordingly, the government believes that defendant's offense level should be adjusted to reflect the application of the safety valve.

If the Court finds the defendant safety-valve eligible, then the resulting offense level would be 21, yielding a guidelines range of 37- 46 months. The government believes that a

sentence in the middle of that range would be appropriate.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
*Email:* adi.goldstein@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on the _____ day of August, 2006, I caused the within Government's Second Memorandum In Aid Of Sentencing to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

John F. Cicilline, Esq.
387 Atwells Avenue
Providence, RI 02909

/s/ Adi Goldstein
ADI GOLDSTEIN, 36701
Assistant U.S. Attorney